Richard C. MADISON et al *v.* PULASKI
FEDERAL SAVINGS & LOAN
ASSOCIATION et al

80-5                                    606 S.W. 2d 571
Supreme Court of Arkansas
Opinion delivered October 13, 1980
Rehearing denied November 17, 1980

*Kenneth E. Suggs*, for appellants.

*Wright, Lindsey & Jennings*, for appellees.

DARRELL HICKMAN, Justice. The appellee, Pulaski Federal Savings and Loan Association, filed a foreclosure suit on a note and mortgage, signed by Richard C. Madison and others, in Pulaski County Chancery Court. The court decreed the foreclosure, rejecting the defenses of usury and breach of contract. Madison raises those same arguments on appeal and we find no merit to them.

A $30,000.00 note was signed on July 12, 1977, by Madison, his wife, and two others. It bore interest at nine percent per annum, payable in monthly installments of $241.39 for thirty years, beginning the 12th day of December, 1977. This was a routine construction money arrangement whereby Madison was to draw up to $30,000.00 to build his house, with regular monthly payments to commence six months later. Pulaski Federal charged a $300.00 commitment fee.

The house was not completed in December and Pulaski Federal began collecting the interest due on the amount that had been advanced. By that time the amount advanced was over $20,000.00. In April, 1978, Pulaski Federal learned that laborer's and materialmen's liens were being filed against the property. On inquiry, Pulaski Federal learned that in addition to the amount advanced, liens and additional debts were due, totalling over $27,000, which exceeded the loan's unadvanced balance of $9,066.44. Beginning in May, 1978, Pulaski Federal declined to advance any further sums after it was informed by its escrow agent, Lawyer's Title of Arkansas, Inc., that any further advances might jeopardize its title insurance coverage. Two payments of $241.39 were collected by Pulaski Federal in 1979 but Madison's account was credited so that only interest that had accrued on the amount advanced was paid to Pulaski Federal. The balance was credited to the principal sum that had been advanced.

The Madison's expert witness testified that if $241.39 were paid toward a debt of $20,933.56 over the period of the original note, then about 13% interest would be charged. That, of course, is not the case here. The chancellor found no intent to charge or collect usury and the facts bear out his conclusions.

The other issue raised is that since Pulaski Federal failed to advance the balance of the loan, the Madisons' painting business failed and Pulaski Federal should pay damages for that failure. The chancellor found against the Madisons on this issue and we cannot say that his decision was clearly erroneous. Pulaski Federal had a right under its mortgage to foreclose. The mortgage had a clause which reads as follows:

[I]f any action or proceeding is commenced which materially affects Lender's interest in the property, . . . then Lender at Lender's option . . . may . . . take such action as is necessary to protect Lender's interet . . . .

Pulaski Federal was justified in foreclosing because Madison was delinquent in his payments and both laborer's and materialman's liens had been filed against the property.

Affirmed.